FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNE T., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | No: 1:20-CV-03080-FVS <br><br> ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |

BEFORE THE COURT is the Plaintiff's Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 27.  For reasons discussed below, the Court denies Defendant's motion.

## BACKGROUND

On June 3, 2020, Plaintiff filed a complaint pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), challenging the Social Security Commissioner's final decision denying Plaintiff's application for Social Security Disability Insurance. ECF No. 1.  Plaintiff's Motion for Summary Judgment was filed on February 5, 2021.  ECF No. 19.  Defendant's cross Motion for Summary Judgment was filed

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND
JUDGMENT ~ 1

1  on March 5, 2021.  ECF No. 22.  Plaintiff filed a reply on April 5, 2021.  ECF No.
2  23.  The Court entered an Order Denying Plaintiff's Motion for Summary
3  Judgment and Granting Defendant's Motion for Summary Judgment and entered
4  Judgment against Plaintiff on July 30, 2021.  ECF Nos. 25, 26.  Now, Plaintiff
5  brings the instant motion to alter this Judgment pursuant to Fed. R. Civ. P. 59(e).
6  ECF No. 27.

## LEGAL STANDARD

Rule 59(e) allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.  The Ninth Circuit has held that reconsideration of a judgment is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

Plaintiff argues that "[c]lear error occurred in the present decision concerning an improper assessment of harmless error, and the result was manifestly unjust," and requests this Court alter its Judgment to reverse and remand this case back to the Commissioner of Social Security for additional proceedings.  ECF No. 27.

The Ninth Circuit has clearly set forth the standard of review in cases against the Commissioner of Social Security: A district court "will disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 2

1  evidence.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) *citing Orn v.*
2  *Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant
3  evidence as a reasonable mind might accept as adequate to support a conclusion.'"
4  *Orn*, 495 F.3d at 360 (quoting *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.
5  2005)).  The "evidence must be more than a mere scintilla but not necessarily a
6  preponderance." *Connett v. Barnhart,* 340 F.3d 871, 873 (9th Cir. 2003).  The
7  district court will uphold the ALJ's conclusion even when the evidence is
8  susceptible to more than one rational interpretation.  *Burch,* 400 F.3d at 679.  The
9  Ninth Circuit has clearly stated that the district court "will not reverse an ALJ's
10 decision for harmless error, which exists when it is clear from the record that 'the
11 ALJ's error was inconsequential to the ultimate non disability determination.'"
12 *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880,
13 885 (9th Cir. 2006); *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th
14 Cir. 2006)).

15      In this case, the Administrative Law Judge (ALJ) provided ten reasons to
16 reject Plaintiff's symptom statements.  ECF No. 25 at 17-18.  Plaintiff failed to
17 challenge three of the ten reasons before this Court, resulting in a waiver of the
18 issues.  *Id*. at 21-22.  Of the remaining seven reasons that the Court addressed, it
19 found that four met the specific, clear and convincing standard required to reject
20 Plaintiff's symptom statements and were supported by substantial evidence.  *Id*. at
21 16-21.  The Court found that any resulting error from the three reasons that failed to

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 3

meet the specific, clear and convincing standard, or were not supported by substantial evidence, was harmless because the ALJ had provided legally sufficient reasons supported by substantial evidence to reject Plaintiff's symptom statements. *Id*. at 22-23. Likewise, the ALJ provided four reasons for rejecting Dr. Rue's opinion. *Id*. at 25-26. The Court found that one of those reasons met the specific and legitimate standard required to reject the opinion and was supported by substantial evidence. *Id*. at 27-30. Therefore, the Court found that any error resulting from the other three reasons that failed to meet the specific and legitimate standard, or were not supported by substantial evidence, was harmless because the ALJ had provided a legally sufficient reason supported by substantial evidence to reject the opinion. *Id*. at 30-31.

Plaintiff asserts that the Court applied the wrong harmless error standard and relies on the following Ninth Circuit holding in *Stout*:

> we hold that where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.

454 F.3d at 1056. ECF No. 27 at 10. However, Plaintiff's reliance on this specific finding in *Stout* is misplaced. The Circuit Court's application of the harmless error rule in *Stout* was to evidence that had been improperly rejected. 454 F.3d at 1056. Therefore, the harmless error analysis required the district court to consider, if the testimony were credited as true, whether or not a reasonable ALJ would reach a

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 4

1 different decision. *Id.* In this case, the Court did not find that the evidence was improperly rejected. Instead, it found that the ALJ provided legally sufficient reasons supported by substantial evidence for rejecting Plaintiff's symptom statements and the opinion of Dr. Rue. Therefore, there is no requirement that the Court then credit the evidence as true and analyze whether or not a reasonable ALJ would have reached a difference decision.

The Circuit in *Stout* discusses a case similar to the present case at issue:

> We recently applied harmless error where, unlike here, the ALJ expressly discredited testimony but erred in doing so. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195-97 (9th Cir. 2004). In *Batson,* the ALJ found the claimant's pain testimony incredible based, in part, on the claimant's statement that he watched over six hours of television per day. *Id.* at 1196–97. The ALJ reasoned that the claimant's ability to sit for that amount of time while watching television indicated he could sit for at least six hours of an eight-hour workday. *Id.* at 1197. Although the record did not confirm the claimant always sat during his television viewing, we concluded that any error the ALJ committed in assuming he did was harmless. *Id.* We did so because the ALJ provided numerous other record-supported reasons for discrediting the claimant's testimony, which allowed our review to determine the ALJ's error did not materially impact his decision. *Id.*

454 F.3d at 1054-55. In this case, like in *Batson*, the ALJ provided other legally sufficient reasons supported by substantial evidence for rejecting Plaintiff's symptom statements and Dr. Rue's opinion. Therefore, there is no clear error or manifest unjust result to justify altering the Court's Judgment under Fed. R. Civ. P. 59(e).

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 5

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Alter Judgment, **ECF No. 27**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 20, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 6